## Ohio Casualty Insurance Co. v. Miller

*Edward C. German,* for plaintiff.

*Frank Carano,* for defendant.

*Paul A. Tranchitella,* for additional defendant.

WEINROTT, J., November 4, 1963.—The Ohio Casualty Insurance Company filed a petition for a declaratory judgment seeking a determination of the respective rights and liabilities of petitioners and defendants under an automobile liability insurance policy issued by said company and certain endorsements thereon.

The matter was fully heard by our Associate Judge Theodore L. Reimel sitting without a jury. His adjudication and decree nisi directed said insurance company to defend the suit initiated by defendant, Frank T. Miller, and to pay any judgment rendered against defendants, Donatucci and D'Amico.

Petitioner filed exceptions to said adjudication bringing this matter again before the court.

The question concerning the construction and legal effect of the insurance policy and a certain oral binder and endorsements arose following the occurence of a motor vehicle accident on April 18, 1960, when an automobile operated by Frank T. Miller collided with a 1956 Mercury convertible automobile operated by Thomas F. Donatucci, Jr. Frank T. Miller then instituted suit against Thomas F. Donatucci, Jr·, and Ralph D'Amico. Petitioner contended that it was not obligated to defend against the suit instituted by Frank T. Miller, nor liable for any judgment rendered against Ralph D'Amico and/or Thomas F. Donatucci, Jr. The company further asserted that the endorsements issued insuring Ralph D'Amico and Thomas F. Donatucci did not become effective until April 20, 1960, two days after the happening of the accident.

D'Amico and Donatucci alleged that one W. Bruce Beaton, general agent of Ohio Casualty Insurance

Company, on April 8, 1960, orally bound said company to insure them and the vehicle involved in the collision. The insurance company denied that Beaton issued the binder upon which defendants rely, and also disclaimed any authority on the part of said agent to orally bind the company.

The trial judge determined as a fact that Bruce Beaton, general agent of Ohio Casualty Insurance Company, did in fact orally bind Donatucci and D'Amico, and that he had the authority to do so. The trial judge in discussing his findings stated that the testimony reveals that W. Bruce Beaton acted as agent for the Ohio Casualty Insurance Company and that he had the authority to bind petitioners by his acts. The evidence amply supports and justifies this finding, for Beaton as general agent of petitioner had apparent authority to grant the oral binder. However, the testimony strongly demonstrates that Beaton did not have actual authority to issue the said binder and that he knew or should have known of his limitation.

Moreover, his conduct on a number of occasions indicated knowledge that he lacked the actual authority to bind the company until such time as he obtained its approval. Therefore, the relationship between the insurer and defendants, D'Amico and Donatucci, is governed and controlled by Beaton's apparent authority to orally bind the company. The respective rights and liabilities existing between the insurance company and its general agent Benton is determined by the limitation on Beaton's actual authority·

We are constrained to conclude that the Ohio Casualty Insurance Company is bound by the oral representations of its general agent, Beaton, to a contract of insurance covering Thomas F. Donatucci, Jr. and Ralph D'Amico, and the 1956 Mercury automobile. There is reserved to the company a cause of action against W. Bruce Beaton for any loss it may incur as

a result of its agent's failure to act in accordance with his actual authority.

Accordingly, we affirm the trial judge's adjudication that the Ohio Casualty Insurance Company is obliged to defend the suit instituted by Miller against Donatucci and D'Amico, and to pay such judgment as may be rendered against them, but emphasize that this is without prejudice to such cause of action as the Ohio Casualty Insurance Company may have against its general agent, W. Bruce Beaton.

In view of the foregoing, we have heretofore entered an order dismissing the exceptions of petitioner, Ohio Casualty Insurance Company.